UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **HUONG THI LAN NGUYEN** | **CASE NO. 6:22-CV-05905** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LARNOLD RAY CHARLES** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REASONS FOR DECISION

Presently before the Court is the Plaintiff's Motion for Summary Judgment [ECF No. 46]. Defendant opposes the motion. For the reasons set forth below, the Court GRANTS the Motion in part, and DENIES the Motion in part.

### I.
#### FACTUAL BACKGROUND

Plaintiff, a native of Vietnam, met Defendant, an American citizen, in May of 2015 while visiting the United States.[1] The two were married in Vietnam on October 24, 2016.[2] On November 11, 2016, Defendant signed a U.S. Citizenship and Immigration Services ("USCIS") Form I-130, Petition for Alien Relative (the "Visa Petition").[3] The Visa Petition listed Plaintiff as the intending immigrant beneficiary of the petition.[4] Defendant signed the Visa Petition and caused it to be transmitted to the USCIS.[5] USCIS approved the Visa Petition on November 8, 2017.[6] Plaintiff thereafter filed an application for an immigrant visa with the U.S. Department of State based on

---

[1] ECF 47, Declaration of Huong Thi Lan Nguyen, ¶3-4.
[2] ECF 46-2, Statement of Uncontested Facts, ¶2.
[3] Exhibit 3 to ECF 1.
[4] *Id.*
[5] ECF 48-3, Defendant's Responses to Requests for Admission, Answers to Interrogatories, and Responses to Requests for Production of Documents.
[6] Exhibit 3 to ECF 1.

her approved Visa Petition. On May 2, 2018, Defendant signed and filed an Affidavit of Support, listing Plaintiff as the intending immigrant beneficiary.[7] On June 28, 2019, the U.S. Department of State approved the Visa Application and issued Plaintiff a category IR1 immigrant visa.[8] Upon her admission as an IR1 immigrant on July 26, 2019, Plaintiff obtained status as a lawful permanent resident of the United States.[9]

On April 26, 2021, Plaintiff separated from Defendant.[10] The parties were ultimately divorced in February of 2022.[11] Plaintiff and her minor son each collected SSI payments of $297 per month from Social Security from the time she separated from Defendant in April of 2021 until her divorce in February of 2022.[12] Plaintiff was briefly employed at Charley's Philly Steak in April, 2021 and earned wages of $362.25.[13] Thereafter, Plaintiff started work performing clothing alterations, first in Lafayette and thereafter in New Iberia.[14] Plaintiff eventually became the owner of the alteration shop on March 24, 2022.[15] Plaintiff has attached itemized statements reflecting her income and expenses from doing clothing alterations for the years 2021, 2022 and 2023.[16]

## II.
### SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought."[17] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and

---

[7] Exhibit 1 to ECF 1.
[8] ECF 48-4.
[9] ECF 1, ¶64-65; ECF 46, Exhibit 4 and 5.
[10] ECF 47, ¶36.
[11] *Id*. at ¶38.
[12] *Id*.
[13] ECF 47, Exhibit 2.
[14] ECF 47 at ¶38-39.
[15] *Id*.
[16] ECF 47, Exhibits 2-4.
[17] Fed. R. Civ. P. 56(a).

the movant is entitled to judgment as a matter of law."[18] "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party."[19] As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.[20]

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached."[21] "Credibility determinations are not part of the summary judgment analysis."[22] Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof."[23]

### III.
### LAW AND ANALYSIS

Under the Immigration and Nationality Act ("INA"), an immigrant seeking admission to the United States is inadmissible if the immigrant "is likely at any time to become a public

---

[18] *Id.*
[19] *Quality Infusion Care, Inc. v. Health Care Service Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).
[20] *Lindsey v. Sears Roebuck and Co.,* 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted).
[21] *Roberts v. Cardinal Servs.*, 266 F.3d 368, 373 (5th Cir.2001); *see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most favorable to the non-moving party).
[22] *Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist.*, 308 F.3d 451, 458 (5th Cir. 2002).
[23] *Patrick v. Ridge*, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting *Celotex v. Catlett*, 477 U.S. 317, 322 (1986)).

charge."[24] Individuals who would be inadmissible for this reason may become admissible if they have a sponsor and that sponsor executes an Affidavit of Support.[25] The purpose of the Affidavit of Support is to prevent an immigrant from becoming a public charge.[26] By signing an Affidavit of Support, a sponsor agrees to provide support to maintain the sponsored immigrant at an annual income that is not less than 125% of the Federal Poverty Guideline while the Affidavit of Support remains enforceable.[27] Once executed, the Affidavit of Support functions as a contract between the sponsor and the U.S. Government for the benefit of the sponsored immigrant, and of any Federal, State, or local governmental agency or private entity that administers any "means-tested public benefits program."[28] Both the sponsored immigrant and the entity that provides the public benefit to the sponsored immigrant may enforce the Affidavit of Support against the sponsor.[29] The sponsor's financial support obligation under an Affidavit of Support terminates only when the benefitted immigrant: (1) becomes a U.S. citizen; (2) works or receives credit for 40 qualifying quarters of coverage under the Social Security Act; (3) loses their status as a lawful permanent resident and departs the United States; (4) becomes the subject of a new Affidavit of Support; or (5) dies (collectively, the "Terminating Events").[30]

In the instant case, Defendant concedes that he executed the Affidavit of Support and that Plaintiff obtained residency based on an application that included that Affidavit of Support.[31] Plaintiff asserts that none of the Terminating Events have occurred, and Defendant does not dispute

---

[24] 8 U.S.C. § 1182(a)(4)(A); 8 C.F.R. § 213a.2(a).
[25] *See* 8 U.S.C. § 1183a(a)(1); *see also Shumye v. Felleke*, 555 F.Supp.2d 1020, 1023 (N.D. Cal. 2008).
[26] *See Erler v. Erler* ("*Erler I*"), 824 F.3d 1173, 1178–79 (9th Cir. 2016); *Wenfang Liu v. Mund*, 686 F.3d 418, 422 (7th Cir. 2012), as amended (July 27, 2012).
[27] *See Cyrousi v. Kashyap*, 386 F.Supp.3d 1278, 1282 (C.D. Cal. 2019) (citing 8 U.S.C. § 1183a(a)(1)(A)); see also *Erler I*, 824 F.3d at 1175.
[28] *Erler I*, 824 F.3d at 1175 (citing 8 U.S.C. § 1183a(a)(1)(B)).
[29] *Id.*
[30] *See id.* at 1176–77 (citing 8 C.F.R. § 213a.2(e)(2)(i), 8 U.S.C. § 1183a(a)(2)-(3)).
[31] ECF No. 50, p. 3.

this. Rather, Defendant argues that Plaintiff has not established that her income has fallen below 125% of the poverty line.

Defendant first alleges that Plaintiff has not established the relevant poverty line necessary to calculate whether her income has been sufficient. This argument is without merit as 8 USCA § 1183a(h) specifically defines the "Federal poverty line" and that amount for each year can easily be ascertained by reference to the Health and Human Services website.[32]

Next, Defendant argues that Plaintiff has failed to establish that Plaintiff's income fell below 125% of the Federal poverty line. Defendant argues that Plaintiff's Declaration and attached income expense spreadsheets are self-serving and insufficient to grant summary judgment. Defendant, however, has not provided competent summary judgment evidence refuting the Plaintiff's Declaration and attachments. Plaintiff's Declaration is sufficient to meet her burden on summary judgment if it is "made on personal knowledge, set[s] out facts that would be admissible in evidence, and show[s] that the affiant or declarant is competent to testify on the matters stated."[33] A business owner can attest to the accuracy of business records if those records are kept in the course of a regularly conducted activity of the business.[34] As such, a declaration from Plaintiff that she maintained the records of the business she owned would make those records admissible to establish the level of income of the business.

However, Plaintiff's Declaration, while alleging that Plaintiff separated from Defendant on April 26, 2021 and that the parties were divorced in February 2022,[35] also states that Plaintiff did not move out of the marital home until April of 2022.[36] Further, the Defendant's Responses to

---

[32] *See* Prior HHS Poverty Guidelines and Federal Register References, https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines/prior-hhs-poverty-guidelines-federal-register-references
[33] Fed. R. Civ. Procedure 56(c)(4).
[34] Fed. R. Evidence 803(6)(B).
[35] ECF 47, ¶ 38.
[36] Id. at ¶ 41.

Plaintiff's discovery which Plaintiff included in the record reflects that Defendant takes the position that he provided financial support to Plaintiff by paying all of Plaintiff's living expenses "including, but not limited to, paying the home mortgage, all household expenses, utilities, car notes, car expenses, travel expenses, insurance premiums, credit card bills, entertainment, grooming expenses, groceries, clothing, etc."[37] If Plaintiff continued to reside in the marital home following the parties' legal separation and Defendant paid for her living expenses, Defendant would be entitled to a credit for the value of the expenses provided. The record is unclear on that issue for the years 2021 and 2022. However, there is no evidence in the record that Defendant provided any living expenses for Plaintiff or any other form of financial support for any month in 2023 or thereafter.

As to Plaintiff's evidence of income, Plaintiff's Declaration reflects that she became the owner of the alteration business on March 24, 2022. It is unclear from her Declaration, for the months prior to that time, when she worked at the same alteration shop and previously when she worked at a different alteration shop, whether she received wages as an hourly employee or was treated as a contract employee and would thus be able to deduct any business expenses. However, as for calendar year 2023, the evidence in the record establishes that she was the owner of the business. As such, her Declaration, along with her attached business records indicates her net income.

The Court finds that for calendar year 2023, there is no genuine issue of material fact that Plaintiff's income fell below 125% of the Federal poverty line and that Defendant is liable to Plaintiff for the difference between her income and that level. The Federal poverty line for 2023

---

[37] ECF No. 48-3, p. 6.

for a household of two[38] was $19,720 and 125% of that amount is $24,650. Plaintiff's net annual income for 2023 was $123.66. Accordingly, Defendant owes Plaintiff the sum of $24,526.34 for calendar year 2023. Further, there is no genuine issue of material fact that Defendant owes Plaintiff an ongoing obligation of financial support for any period of time after December 31, 2023 where Plaintiff's income falls below 125% of the Federal poverty line until such time as one of the Terminating Events occurs. As to the time period when the parties separated in April 2021 through and including December 2022, the Court finds that there is a genuine issue of material fact as to whether Plaintiff's income fell below 125% of the Federal poverty line as well as whether Defendant provided support to Plaintiff and that level of support.

For the foregoing reasons, Plaintiff's Motion for Summary Judgment [ECF No. 46] is GRANTED IN PART and DENIED IN PART. As to calendar year 2023, Defendant owes Plaintiff the sum of $24,526.34. Further, Defendant owes Plaintiff an ongoing obligation of financial support for any period of time after December 31, 2023 where Plaintiff's income falls below 125% of the Federal poverty line until such time as one of the Terminating Events occurs. In all other respects, the Motion is DENIED.

THUS DONE in Chambers on this 26th day of June, 2024.

_____
ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE

---

[38] As Plaintiff's minor son also immigrated to the United States with her and has resided with her since the time of arrival in the United States, her household would include herself and her minor son.