**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **HUONG THI LAN NGUYEN** | **CASE NO. 6:22-CV-05905** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **LARNOLD RAY CHARLES** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before this Court is the PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT filed by Huong Thi Lan Nguyen. [Doc. 64]. Defendant Larnold Ray Charles filed an opposition [Doc. 68]. Charles then filed a SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT [Doc. 71], and Nguyen filed a SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT [Doc. 72]. The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the parties' arguments, and for the reasons explained below, this Court recommends that the instant motion be DENIED for lack of subject matter jurisdiction over the settlement agreement.

## Factual and Procedural Background

Nguyen, a citizen of Vietnam and lawful permanent resident of the United States, married Charles, a United States citizen, on October 24, 2016, in Vietnam. [Doc. 1 at ¶¶11, 14, 43]. In the process of aiding Nguyen in obtaining lawful permanent resident status, Charles executed an Affidavit of Support agreeing to ensure that Nguyen lives with an income that is at least 125 percent of the poverty line. [Doc. 1-1]. The couple separated in April 2021, and, thereafter, Nguyen sued Charles for breach of contract based on Charles' alleged failure to comply with the Affidavit of Support, seeking an award of actual damages,

a declaration that Nguyen is entitled to financial support from Charles, an order of specific performance requiring Charles to make monthly payments to Nguyen, and attorney fees and costs. [Doc. 1].

On October 30, 2024, the parties convened via Zoom videoconferencing for a settlement conference before the undersigned and reached an agreement, the terms of which were preserved by a recording of the settlement conference.[1] [Doc. 62]. The minutes of the settlement conference indicate that the parties requested "that the court retain jurisdiction over the settlement of the case under *Kokkonen v. Guardian Life*, 511 U.S. 375 (1994)." *Id.* On October 30, 2024, this Court issued an order dismissing the case and ordering the parties to, within 60 days of the order, file (a) a motion for entry of judgment on all claims, (b) a motion to reopen the matter and reinstate all claims for failure to finalize the settlement agreement, (c) a motion to enforce the settlement agreement, or (d) a motion to extend the 60-day deadline. [Doc. 62]. The order further stated that if parties failed to file a motion within 60 days, the order would become a Final Judgment of Dismissal with prejudice. *Id.* No written settlement agreement or motion was filed before the expiration of the 60-day period.

Nguyen filed the instant motion seeking this Court's enforcement of the settlement agreement, the terms of which Nguyen alleged Charles had breached by failing to timely make a $1,000.00 payment during the month of August 2025. [Doc. 64, 64-1]. Charles filed an opposition [Doc. 68] and thereafter a SUPPLEMENTAL OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT. [Doc. 71]. Nguyen then filed a SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT. [Doc. 72].

---

[1] The settlement conference was recorded via Zoom but has not been transcribed. However, a transcript may be made available upon request of either party.

**Analysis**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction…." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 1675, 128 L.Ed.2d 391, 395 (1994) (citations omitted). It is the court's corresponding obligation to ensure that it does not exceed the scope of its jurisdiction and decide jurisdictional questions *sua sponte* if the parties either overlook or elect not to press them. *Id.* When dismissal is pursuant to Fed. R. Civ. P. 41(a)(1)(ii), which does not by its terms empower a court to attach conditions to the parties' settlement agreement, the court is authorized to embody the settlement agreement in its dismissal order or expressly retain jurisdiction over the settlement contract if the parties agree. *Id.* Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction. *Id.* "The Fifth Circuit regards a settlement agreement as a contract, and courts are instructed to enforce them as they would a contract." *Guidry v. Halliburton Geophysical Servs.*, 976 F. 2d 938, 940 (5th Cir. 1992). It is critical to the court's jurisdiction that the court's *order of dismissal* expressly retains jurisdiction over the enforcement of the settlement agreement. *Chavez v. Lencho Oilfield Servs.*, 2025 WL 3015800 (W.D. La. 2025). The order of dismissal, and not the terms of the settlement agreement itself, are operative in the determination of whether the court has jurisdiction to enforce a settlement agreement, as "[n]o action of the parties can confer subject-matter jurisdiction." *United States v. Riojas*, 139 F.4th 465, 472 (5th Cir. 2025) (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982)).

Here, the Order of Dismissal stated that if parties failed to file a motion within 60 days, the order would become a Final Judgment of Dismissal with prejudice. [Doc. 62]. When the 60-day period expired without any motion filed by either party, the suit was dismissed with prejudice and the case closed. The order includes no reference to the settlement agreement and does not state that the court retains jurisdiction to enforce it. *Id.* The settlement agreement was not attached to the stipulation or order, and it does not appear anywhere in the record. Though the parties agreed that this Court would retain jurisdiction to enforce the settlement agreement, and such agreement is memorialized by the minutes of the settlement conference [Doc. 62], it is the Order of Dismissal, not any act or agreement by the parties, that operates, as parties to an agreement may not create federal subject matter jurisdiction by consent. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 786 (5th Cir. 2012). Because the settlement agreement was not made part of the Order of Dismissal, which did not expressly retain jurisdiction to enforce the settlement agreement, this Court lacks ancillary jurisdiction over the settlement agreement. Because the alleged breach of the settlement agreement implicates a state law cause of action and parties lack diversity[2], there exists no independent basis for the exercise of subject matter jurisdiction over this issue. Therefore, this Court lacks subject matter jurisdiction necessary to enforce the settlement agreement.

## Conclusion

For the foregoing reasons, the undersigned recommends that the PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT filed by Huong Thi Lan Nguyen [Doc. 64] be DENIED for lack of subject matter jurisdiction.

[2] It is undisputed that both parties are domiciled in Louisiana. [Doc. 1 at ¶¶11-12].

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

Signed at Lafayette, Louisiana on this 7th day of July, 2026.

David J. Ayo
United States Magistrate Judge